IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. CCB-02-410 |
| | : | (CIVIL NO. CCB-09-671) |
| MICHAEL TAYLOR | : | |

**MEMORANDUM**

Petitioner Michael Taylor, who is currently in federal custody serving a life sentence without the possibility of release, filed a motion to vacate his sentence under 28 U.S.C. § 2255 on March 16, 2009. The Supreme Court denied certiorari on March 17, 2008, and, thus, his motion is timely. *See* § 2255(f)(1). Taylor's counsel subsequently withdrew from the case, Taylor was apparently relocated several times after his initial filing, and the court granted several extensions of time at his request to permit him to supplement his motion. (*See* ECF Nos. 563 & 576). The government responded to Taylor's motion on October 8, 2010. Taylor then requested an extension of time to further investigate his claim, stating that he was not aware of the basis upon which his then-counsel had initially filed the motion, and that he needed more time to supplement the motion. (*See* ECF No. 585). On April 1, 2013, the court sent Taylor a notice again permitting him to supplement his claim and warning him that the court would rule on the motion based on the current record if nothing additional was filed. (ECF No. 614). Taylor has not responded to the court's notice, and his motion will now be resolved.

As set out fully in the Fourth Circuit's denial of Taylor's direct appeal, Taylor was indicted on September 17, 2002, on charges of conspiracy to possess with intent to distribute crack as well other related counts, including two counts of causing death with a firearm during and in relation to a drug trafficking crime under 18 U.S.C. § 924(j). *See United States v. Foster*,

1

507 F.3d 233, 241 (4th Cir. 2007). The indictment sought the death penalty against Taylor. *Id.* The court dismissed one of Taylor's § 924(j) counts prior to trial. *Id.* at 242. Taylor was found guilty on all remaining counts and, after the conclusion of the capital sentencing phase, the jury recommended a sentence of life imprisonment. Taylor was sentenced on July 23, 2004, to life without the possibility of release on the conspiracy count, a concurrent sentence of life without the possibility of release on the remaining § 924(j) count, and a concurrent sentence of ten years' imprisonment on another count. *Id.* The Fourth Circuit affirmed Taylor's convictions and sentence on November 13, 2007.

In his motion, Taylor argues under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972), that the government knowingly withheld "that Aaron Butler, a key cooperating witness in the case, continually violated his cooperation agreement by actions including, but not limited to: continuing drug sales and other violations of the law[.]" (Motion, ECF No. 550, ¶ 12). Taylor also alleges that "the Government failed to disclose the full extent of Butler's past criminal activities both before and after he began to cooperate with the Government." (*Id.*). Under *Brady*, the "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. "[M]ateriality under *Brady* means that 'there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *Allen v. Lee*, 366 F.3d 319, 324-25 (4th Cir. 2004)) (citation omitted). When reliability of a witness may be determinative of guilt or innocence, nondisclosure of evidence that affects that witness's credibility constitutes a denial of due process. *See Giglio*, 405 U.S. at 154-55.

Taylor's motion will be denied for two reasons. First, Taylor has submitted no affidavits or other evidence to support his allegations. While under certain circumstances a petitioner may be entitled to an evidentiary hearing on a § 2255 motion, where the record is clear and there is no genuine factual dispute, a motion to vacate may be resolved without a hearing. *See United States v. Rashaad*, 249 F. App'x 972, 973 (4th Cir. 2007) (citing *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970)). The government represents that it turned over 10,000 pages in discovery, including information related to Aaron Butler, and that Taylor's assertion it withheld any additional information related to Butler's criminal activities is unfounded. Taylor has not adduced any evidence to dispute these representations. Second, it is unlikely that Taylor would be entitled to relief under *Brady*, even if the government had failed to turn over any additional evidence related to Butler's criminal activities, because the jury was well aware that Butler was a criminal and a neighborhood crack dealer. *See Foster*, 507 F.3d at 238. Thus, it is doubtful that any additional information concerning Butler's criminal activities would have further undermined Butler's credibility or affected the outcome of the trial.

Accordingly, Taylor's motion will be denied and dismissed without an evidentiary hearing. Furthermore, a prisoner who has filed a motion to vacate under § 2255 is not automatically entitled to appeal a district court's denial of the motion. 28 U.S.C. § 2253(c)(1)(B). An appeal may only be taken of a final order in a proceeding under § 2255 if "a circuit justice or judge issues a certificate of appealability." *Id.* A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the necessary showing, the petitioner "'must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S.

473, 484 (2000)), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Taylor has not made the requisite showing for this court to issue a certificate of appealability.[1]

|  |  |
|---|---|
|     8/5/13     |     /s/     |
| Date | Catherine C. Blake |
|  | United States District Judge |

---

[1] Of course, Taylor may seek a certificate of appealability from the Fourth Circuit if he chooses to do so.